1  JACK P. DICANIO (Bar No. 138782)
   SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
2  525 University Ave., Suite 1400
   Palo Alto, California 94301-1908
3  Telephone:	(650) 470-4500
   Facsimile:	(650) 470-4570
4  jack.dicanio@skadden.com

5  JAMES R. CARROLL (*pro hac vice* application forthcoming)
   SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
6  500 Boylston Street
   Boston, Massachusetts 02116
7  Telephone:	(617) 573-4800
   Facsimile:	(617) 573-4822
8  james.carroll@skadden.com

9  *Attorneys for Defendants*
   LIBERTY MUTUAL INSURANCE COMPANY
10 AND LIBERTY INTERNATIONAL UNDERWRITERS

11                     UNITED STATES DISTRICT COURT

12                     NORTHERN DISTRICT OF CALIFORNIA

13                          SAN FRANCISCO DIVISION

| | | |
|---|---|---|
| NICOLETTE LEWIS, ALEXIS LEWIS, MARGRETT LEWIS, and JEFFERY LEWIS, | ) ) ) | Case No.: |
| | ) | **DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION UNDER** |
| Plaintiffs, | ) ) | **28 U.S.C. § 1332 AND 28 U.S.C. § 1441** |
| v. | ) ) | |
| LIBERTY MUTUAL INSURANCE COMPANY, LIBERTY INTERNATIONAL UNDERWRITERS, and DOES 1 through 50, inclusive, | ) ) ) ) ) | [Originally Case No. SCV-261819 in the Superior Court of California, Sonoma County] |
| Defendants. | ) ) | |

**NOTICE OF REMOVAL OF CIVIL ACTION**

TO THE CLERK OF THE ABOVE-CAPTIONED COURT, PLAINTIFFS, AND ITS COUNSEL OF RECORD:

PLEASE TAKE NOTICE that Defendant Liberty Mutual Insurance Company ("LMIC") hereby removes to this Court the state court action described herein.

### DEFENDANT LIBERTY INTERNATIONAL UNDERWRITERS IS NOT A PROPER DEFENDANT

1. As explained below and in the accompanying Declaration of Michael Garvey in Support of Defendant's Notice of Removal of Civil Action Under 28 U.S.C. § 1332 and 28 U.S.C. § 1441, dated February 21, 2018 ("Garvey Dec." or "Garvey Declaration"), Defendant Liberty International Underwriters ("LIU") is and, at all relevant times, was a trading name of LMIC. (Garvey Dec. ¶ 5.) LIU is not a separate legal entity and therefore is not a proper defendant in this action. *See Oliver v. Swiss Club Tell*, 222 Cal. App. 2d 528, 537 (Cal. Ct. App. 1963) ("Where a suit is brought against an entity which is legally nonexistent, the proceeding is void *ab initio* and its invalidity can be called to the attention of the court at any stage of the proceeding.").

2. In addition, the Amended Complaint filed in the state court action alleges that LIU is a division of LMIC. (Am. Compl. ¶ 1.) Unincorporated divisions of a corporation lack legal capacity to be sued. *See U.S. v. ITT Blackburn Co., a Div. of ITT*, 824 F.2d 628, 631 (8th Cir. 1987) (accepting as a valid legal concession that "an unincorporated division cannot be sued or indicted, as it is not a legal entity"); *Salzstein v. Bekins Van Lines, Inc.*, 747 F. Supp. 1281, 1282 n. 1 (N.D. Ill. 1990) ("by definition a corporate division is not a separate legal entity and hence is not suable"); *U.S. v. BCCI Holdings (Luxembourg), S.A.*, 833 F. Supp. 32, 38 (D.D.C. 1993), *aff'd*, 46 F.3d 1185 (D.C. Cir. 1995) ("unincorporated divisions of a parent corporation cannot be indicted or sued").

3. In filing this Notice of Removal, LMIC reserves all arguments as to the jurisdiction of this Court with respect to LIU. To the extent required, LIU joins in this removal.

### PROCEDURAL BACKGROUND

4. On January 16, 2018, Plaintiffs Nicolette Lewis, Alexis Lewis, Margrett Lewis and Jeffery Lewis ("Plaintiffs") commenced an action entitled *Alexis Lewis, et al., v. Liberty Mutual*

*Insurance Company, et al.*, Case No. SCV-261819, in the Superior Court of the State of California for the County of Sonoma by filing a Summons and Complaint.

5.     LMIC was not served with a copy of the Summons and Complaint.

6.     On January 23, 2018, Plaintiffs filed a First Amended Summons and First Amended Complaint ("Amended Complaint" or "Am. Compl.") in the same action under the caption *Nicolette Lewis, et al., v. Liberty Mutual Insurance Company, et al.*

7.     The Amended Complaint alleges two causes of action against the Defendants: (i) a direct action pursuant to California Insurance Code Section 11580; and (ii) breach of contract.

8.     On January 24, 2018, LMIC was personally served with a copy of the First Amended Summons and Amended Complaint.  This Notice of Removal is filed within 30 days of service of the First Amended Summons and Amended Complaint and is therefore timely filed in accordance with 28 U.S.C. § 1446(b).

9.     On January 26 and 29, 2018, LIU was personally served with a copy of the First Amended Summons and Amended Complaint.

10.    Copies of all process, pleadings, and orders served on LMIC and filed in Case No. SCV-261819 are attached hereto as Exhibit 1.

11.    This Court has diversity jurisdiction over this action under 28 U.S.C. § 1332 because it is a civil action between citizens of different states and the amount in controversy exceeds $75,000 exclusive of interest and costs.

## DIVERSITY OF CITIZENSHIP

12.    Plaintiffs allege that they are and, at all relevant times, were citizens of the State of California, County of Sonoma.  (Am. Compl. ¶ 3.)

13.    Pursuant to 28 U.S.C. § 1332(c)(1), "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business."  Therefore, LMIC is a citizen of the Commonwealth of Massachusetts because LMIC is a stock insurance company organized under the laws of Massachusetts with its principal place of business in Boston, Massachusetts.  (Garvey Dec., ¶ 4.)

14. Although 28 U.S.C. § 1332(c)(1) further states that "in any direct action against the insurer of a policy or contract of liability insurance, whether incorporated or unincorporated, to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of . . . every State and foreign state of which the insured is a citizen," a direct action brought pursuant to California Insurance Code § 11580 is *not* a "direct action" within the meaning of 28 U.S.C. § 1332(c)(1) because Plaintiffs have already obtained judgments against LMIC's insured. *See Nantes v. New London Cty. Mut. Ins. Co.*, 441 F. App'x 517, 518 (9th Cir. 2011) ("[b]ecause [plaintiffs] first obtained a judgment against . . . the insured, this court's case law dictates that the instant suit is not a 'direct action' within the meaning of 28 U.S.C. § 1332(c)(1)"); *Mezzetti v. State Farm Mut. Auto. Ins. Co.*, 346 F. Supp. 2d 1058, 1062 (N.D. Cal. 2004) (holding that "section 11580(b)(2) is not a 'direct action' statute under 28 U.S.C. § 1332(c)(1)"). Therefore, LMIC is not to be deemed a citizen of any other state in which its insureds are citizens for purposes of diversity jurisdiction.

15. The Amended Complaint also names LIU as a defendant. As set forth in the Garvey Declaration, LIU is not a legal entity. (Garvey Dec., ¶ 5.) Rather, LIU is a trading name of LMIC. (*Id.*) Therefore, LIU is not an independent entity for purposes of diversity jurisdiction and should be considered a citizen of Massachusetts like LMIC. *See Allstate Ins. Co. v. Cherry*, No. CIV.A. ELH-11-2898, 2012 WL 1425158, at *4 (D. Md. Apr. 23, 2012) (stating that if one defendant "is only a trade name" of the other defendant, then "it is not a different party in its own right" for diversity of citizenship analysis); *Melendez v. Colorite Plastics Co.*, No. 215CV01931SDWLDW, 2015 WL 6745841, at *5 (D.N.J. Oct. 19, 2015), *report and recommendation adopted*, No. 15CV1931SDWLDW, 2015 WL 6755277 (D.N.J. Nov. 4, 2015) (a defendant's alleged citizenship "may not be considered for subject matter jurisdiction purposes" where that defendant "is not a legal entity but rather a trade name" of another defendant).

16. Moreover, although the Amended Complaint alleges that LIU "is a division of Liberty Mutual Insurance Company" (Am. Compl. ¶ 1), an unincorporated division of a corporation is deemed to have the citizenship of the corporation of which it is a part. *See Flower v. Wachovia Mortg. FSB*, No. C 09-343 JF HRL, 2009 WL 975811, at *2 (N.D. Cal. Apr. 10, 2009)

("a division of a corporation . . . will share that corporation's citizenship"); *Breitman v. May Co. California*, 37 F.3d 562, 564 (9th Cir. 1994) ("'[a] division of a corporation does not possess the formal separateness . . . and thus is not an independent entity for jurisdictional purposes'") (citation omitted).  Therefore, taking this allegation as true, LIU, like LMIC, would be considered a citizen of Massachusetts.

17. The Amended Complaint also names Does 1 through 50 as defendants, who are alleged to be "in some way liable and at fault for the events and happenings referred to" in the Amended Complaint.  (Am. Compl. ¶ 4.)  However, 28 U.S.C. § 1441(b) states that "[i]n determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded."  Therefore, Defendant Does 1 through 50 are to be disregarded for purposes of diversity jurisdiction.

18. Accordingly, complete diversity exists among the parties to this action because Plaintiffs are citizens of California and LMIC is a citizen of Massachusetts.

## AMOUNT IN CONTROVERSY

19. Diversity jurisdiction exists where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.  28 U.S.C. § 1332(a).  The amount in controversy in this action exceeds $75,000.

20. The amount in controversy for jurisdictional purposes is determined by the amount of damages claimed or the value of the property that is the subject of the action.  *Hunt v. Wash. State Apple Advert. Comm'n*, 432 U.S. 333, 347 (1977).

21. In the Amended Complaint, Plaintiffs allege that LMIC is liable for damages in excess of $45,000,000 due to its alleged wrongful denial of coverage and defense under the terms of an insurance policy.  (Am. Compl. ¶¶ 16-18.)  Accordingly, the amount in controversy exceeds $75,000, exclusive of interest and costs.

## VENUE

22. Venue is proper in this Court.  Title 28 U.S.C. § 1441(a) states that a civil action "may be removed . . . to the district court of the United States for the district and division

5
NOTICE OF REMOVAL OF CIVIL ACTION

embracing the place where such action is pending." The United States District Court for the Northern District of California is the district embracing the County of Sonoma. Pursuant to Civil L.R. 3-2(e), the San Francisco Division of this Court is a division embracing the County of Sonoma.

WHEREFORE, Defendants pray that this action be removed from the Sonoma County Superior Court to the United States District Court for the Northern District of California, San Francisco Division.

DATED: February 22, 2018                    SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

                                            */s/ Jack P. DiCanio*
                                            By:   Jack P. DiCanio

                                            *Attorney for Defendants*
                                            LIBERTY MUTUAL INSURANCE COMPANY
                                            AND LIBERTY INTERNATIONAL UNDERWRITERS