# Exhibit A

**Liberty International Underwriters**

**Combined General & Products Liability Policy**





## Policy Schedule

| | | |
|---|---|---|
| 1. | POLICY NUMBER: | ME-CAS-12-438176 |
| 2. | INSURED: | The Fire Company Pty Ltd and EcoSmart Inc |
| 3. | PERIOD OF INSURANCE: | From: 30th April 2013 at 4pm local standard time<br>To: 30th April 2014 at 4pm local standard time |
| 4. | INSURED'S BUSINESS: | Design, manufacture, distribution, retailer, wholesale and importer of ethanol fire places, burners and accessories. |
| 5. | LIMIT OF INDEMNITY: | AUD20,000,000 any one Occurrence in respect of public liability and in the aggregate during the Period of Insurance in respect of Product liability. |
| 6. | DEDUCTIBLES: | AUD10,000 each and every Occurrence (costs inclusive).<br><br>AUD25,000 each and every Occurrence (costs inclusive) for losses in North America |
| 7. | POLICY WORDING: | LIU Combined General & Products Liability Policy form LIU-AUS-CAS-CGL-2000001 and attached endorsements. |
| 8. | PREMIUM: | AUD86,000 (minimum and non-adjustable) plus charges. |

This Schedule attaches to and forms part of LIU Combined General & Products Liability Policy Form LIU-AUS-CAS-CGL-2000001 and is valid only if it is signed and dated below by a person duly authorised by Liberty International Underwriters.




3rd May 2013

For and on behalf of
Liberty International Underwriters

Date



# Combined General & Products Liability Policy

In consideration of the premium being paid by the Insured to LIU and in reliance upon the written statements and declarations contained in the proposal or insurance broker's quotation submission, LIU agrees to indemnify the Insured in accordance with the attached Schedule, Policy wording and endorsements where applicable.

## 1   Insuring Clause

Subject to the terms of this Policy, LIU will pay to or on behalf of the Insured all sums which the Insured shall become legally liable to pay by way of compensation in respect of Injury and/or Damage first happening during the Period of Insurance as a result of an Occurrence in connection with the Insured's Business.

## 2   Definitions

2.1   "Asbestos" means:

    2.1.1   That group of natural fibrous silicate minerals that comprises Actinolite, Amosite, Anthophyllite, Chrysotile, Crocidolite and Tremolite; or

    2.1.2   That group of man made mineral fibres that comprises mineral wool, rockwool, glass fibre, ceramic fibres and superfine fibres,

    And includes Asbestos Products and Products containing Asbestos.

2.2   "Damage" means:

    2.2.1   Physical damage to or destruction of tangible property including all resulting loss of use of that property. All such loss of use shall be deemed to happen at the time of the physical damage that caused it; or

    2.2.2   Loss of use of tangible property that is not physically damaged or destroyed provided such loss of use is caused by physical damage to other tangible property which first happened during the Period of Insurance. All such loss of use shall be deemed to happen at the time of the physical damage or destruction that caused it.

2.3   "Employment Practices" means any wrongful or unfair dismissal, denial of natural justice, defamation, misleading representation or advertising, unfair contracts, harassment or discrimination (sexual or otherwise) in respect of employment by the Insured.

2.4   "Injury" means:

    2.4.1   Bodily injury, death, sickness, disease, disability, shock, fright, mental anguish and mental injury;

    2.4.2   False arrest, wrongful detention or imprisonment, malicious prosecution;

    2.4.3   Wrongful entry or eviction;



        2.4.4      Assault and battery not committed by or at the direction of the Insured unless committed for the purpose of preventing Injury and/or Damage or eliminating danger; or

        2.4.5      Libel, slander, defamation of character or invasion of right of privacy.

2.5     "Insured" wherever used in this Policy means the Insured named in the Schedule and:

        2.5.1      Any subsidiary company of the Insured incorporated within Australia including subsidiaries thereof; or

        2.5.2      Any other entity incorporated within Australia controlled by the Insured and over which the Insured assumes active management.

2.6     "Insured's Business" is the business shown in the Schedule.

2.7     "LIU" means Liberty International Underwriters. Liberty International Underwriters is a trading name of Liberty Mutual Insurance Company (ABN 61 086 083 605). Incorporated in Massachusetts, USA (The liability of members is limited).

2.8     "Limit of Indemnity" means the amount stated in the Schedule pursuant to Clause 5 of this Policy.

2.9     "Occurrence" means an event, including continuous or repeated exposure to substantially the same general conditions, which results in Injury and/or Damage neither expected nor intended from the standpoint of the Insured. All events of a series consequent on or attributable to one source or original cause shall be deemed one Occurrence.

2.10    "Period of Insurance" is the period shown in the Policy.

2.11    "Pollutants" means any solid, liquid, gaseous or thermal irritant or contaminant, including but not limited to smoke, vapour, soot, fumes, cinders, dust, odours, noise, acids, alkalis, chemicals or waste. Waste includes materials to be recycled, reconditioned or reclaimed.

2.12    "Product" means any commodity, article or thing (after it has ceased to be in the possession or under the control of the Insured) which is or is deemed (whether by law or otherwise) to have been manufactured, constructed, grown, extracted, produced, processed, assembled, erected, installed, treated, altered, serviced, repaired, sold, handled, supplied or distributed by the Insured or by others trading under the name of the Insured (including any container thereof other than a motor vehicle).

2.13    "Terrorism" means an act or acts:

        2.13.1    That are violent in nature or are dangerous to human life:

                2.13.1.1    That are a violation of the criminal laws of the United States of America or Australia or of any State or Territory of the United States of America or Australia or that would be a criminal violation if committed within the jurisdiction of the United States of America or Australia or any State or Territory of the United States of America or Australia and that have the apparent intent of:

                        2.13.1.1.1    Intimidating or coercing any civilian population;

                        2.13.1.1.2    Influencing the policy of any government by intimidation or coercion; or



        2.13.1.1.3    Affecting the conduct of any government by mass destruction, assassination or kidnapping,

Or

    2.13.2    That result in:

        2.13.2.1    The denial of access to or services from web sites, computer networks or telecommunication equipment; or

        2.13.2.2    The malfunction or degradation of web sites, computer networks, telecommunications equipment, mechanical equipment or the interruption to the functioning of web sites or such properties,

And that have the apparent intent of intimidating or coercing any civilian population or influencing the policy of any government by intimidation or coercion.

2.14    "Worker" means any person employed by the Insured or deemed to be employed by the Insured whether pursuant to any Workers' Compensation Law or otherwise.

2.15    "Workers' Compensation Law" means any law relating to compensation for Injury to Workers or employees.

## 3    Indemnity to Others

Subject to the terms of this Policy and in accordance with Insuring Clause 1, this Policy will extend to pay to or on behalf of:

3.1    Any principal, in respect of that principal's vicarious liability for the negligent acts or omissions of the Insured pursuant to Definition 2.5 and arising out of the Insured's Business, but this Policy does not extend to the liability of any principal howsoever arising out of the negligence, breach of contract or breach of duty of such principal;

3.2    Any director, executive officer or Worker of the Insured or, where the Insured is a partnership, any partner of the Insured, but only while acting within the scope of their duties in such capacity;

3.3    The officers, committee and members of the Insured's canteen, social, sports, first aid/medical, fire fighting and employee welfare organisations in their respective capacity as such; or

3.4    The legal personal representative of any person entitled to indemnity under this Clause 3 in circumstances giving rise to indemnity under this Policy.

Provided always that all such persons or parties shall, whilst not being a party to this contract, observe, fulfil and be subject to the terms of this Policy in so far as they can apply as though they were the Insured.

## 4    Cross Liabilities

Subject at all times to the terms of this Policy, each person or party indemnified is separately indemnified in respect of claims made by any of them against any other of them provided that LIU's total liability shall not exceed the Limit of Indemnity for all claims under this Policy.



## 5    Limit of Indemnity

LIU's liability to pay compensation shall not exceed the sum stated in the Schedule in respect of any one claim or series of claims arising from one Occurrence.

The total aggregate liability of LIU for any one Period of Insurance for all claims in respect of or in any way connected with the Insured's Products shall not exceed the Limit of Indemnity stated in the Schedule.

## 6    Defence Costs

In addition to the Limit of Indemnity, LIU will pay all reasonable legal costs and/or expenses incurred with LIU's prior written consent in connection with any claim for which the Insured is indemnified by this Policy.

Provided that LIU shall not be liable for legal costs and/or expenses where indemnity is not provided by this Policy.

Provided that LIU shall not be liable for legal costs and/or expenses for or in respect of representation at any formal legal inquiry involving an accident resulting in Injury or at any coroner's inquiry or defending any proceedings in a court of summary jurisdiction.

Provided that LIU shall not pay any legal costs and/or expenses in respect of any Occurrence after LIU has paid compensation up to the Limit of Indemnity.

Provided further that the legal costs and/or expenses incurred in connection with claims made and/or actions instituted within the United States of America or Canada and their respective territories and protectorates or any other territory coming within the jurisdiction of the courts of these countries, shall form part of the Limit of Indemnity and will not be payable by LIU in addition to the Limit of Indemnity.

In the event the Insured is a party to a demand, legal proceedings, inquiry or hearing which is covered only in part by this Policy, the Insured and LIU will use their best efforts to agree upon a fair and proper allocation of legal costs and/or expenses or any other amount insured under this Policy which relate solely to what is covered under this Policy.

In the event that an agreement cannot be reached, a Senior Counsel (to be mutually agreed upon by LIU and the Insured) shall, as an expert and not an arbitrator, determine a fair and proper allocation. Until the Senior Counsel has made a determination LIU may, in its absolute discretion, pay such legal costs and/or expenses or any other amount insured under this Policy as it considers appropriate.

## 7    Exclusions

This Policy does not cover liability directly or indirectly caused by, arising out of or in any way connected with:

    7.1    The ownership, maintenance, operation, possession, use, loading or unloading by or on behalf of the Insured of any motor vehicle or trailer which is required by law to be registered or in respect of which there is required by law to be in force a policy of compulsory liability insurance or in relation to which there existed a statutory scheme providing compensation for Injury, but this exclusion does not apply to:

        7.1.1    Injury for which no indemnity is or would be available to the Insured under the said policy of compulsory liability insurance had the Insured complied with its obligations pursuant to such law;



7.1.2  Injury caused by the use of any tool or plant forming part of or attached to or used in connection with any motor vehicle or trailer for which no indemnity is or would be available to the Insured under the said policy of compulsory liability insurance had the Insured complied with its obligations pursuant to such law;

7.1.3  Damage caused by the use of any tool or plant forming part of or attached to or used in connection with any motor vehicle or trailer;

7.1.4  Damage to any bridge, weighbridge or road, or anything beneath such bridge, weighbridge or road caused by the weight of any motor vehicle or trailer or of the load carried thereon; or

7.1.5  Damage to any motor vehicle or trailer (not owned, leased or hired by, under hire purchase, on loan or rented to the Insured) temporarily in the Insured's custody or control for the purpose of parking and directly arising out of such parking.

7.2  Damage to property owned, leased, hired by, under hire purchase, on loan or rented to the Insured or otherwise in the Insured's care, custody or control other than:

7.2.1  Premises (or to contents thereof) temporarily occupied by the Insured for the purpose of carrying out works thereto or thereon, but no indemnity is granted for liability in respect of physical damage to or destruction of that part of any premises or contents on which the Insured is or has been working on if the physical damage or destruction arises from such work;

7.2.2  Premises tenanted by the Insured;

7.2.3  Directors', employees' and visitors' clothing and personal effects; or

7.2.4  Other property not owned by the Insured but temporarily in the Insured's possession provided:

7.2.4.1  No indemnity is granted for liability in respect of physical damage to or destruction of that part of any property upon which the Insured is or has been working on if the physical damage or destruction arises from such work; and

7.2.4.2  LIU's limit of liability under this Clause 7.2.4 does not exceed AUD100,000 each and every Occurrence and in the aggregate for any one Period of Insurance,

Provided further that no indemnity is granted under this Policy in respect of liability assumed by the Insured under any contract or agreement which requires the Insured to effect material damage insurance on premises, property or goods not owned by the Insured.

7.3  Damages claimed for, and/or the costs of withdrawal, recall, inspection, repair, replacement, disposal or loss of use of the Insured's Products or of any property of which such Products form a part, if such Products or property are withdrawn from the market or from use because of any known or suspected defect or deficiency therein.

7.4  Damage to the Insured's Products if such Damage is attributable to any defect therein or harmful nature or unsuitability thereof.

7.5  The cost of performing, completing, correcting or improving any work undertaken by the Insured.



7.6  Any Product guarantee or warranty given by or on behalf of the Insured but this exclusion shall not apply to the requirements of any Federal or State legislation with respect to Product safety and information.

7.7  Liability assumed under the terms of a contract, agreement or warranty unless and only to the extent that the Insured would have been liable in the absence of such contract, agreement or warranty.

7.8  Liability assumed where the Insured may have been able to recover from another party but for an agreement between the Insured and such party where the Insured has waived, released or abandoned any right of recourse or recovery against any party.

7.9  Any Product which is incorporated into the structure, machinery or controls of any aircraft, aerial device, watercraft or hovercraft.

7.10 Injury to any Worker.

Provided that if the Insured:

7.10.1 Is required by law to insure or otherwise fund, whether through self insurance, statutory fund or other statutory scheme, all or part of any common law liability (whether limited in amount or not) for such Injury; or

7.10.2 Is not required to so insure or otherwise fund such liability by reason only that the Injury is to a person who is not a Worker or "employee" within the meaning of the relevant Workers' Compensation Law or the Injury is not an Injury which is subject to such Law,

Then this Policy will respond to the extent that the Insured's liability would not be covered under any such fund, scheme, policy of insurance or self insurance arrangement had the Insured complied with it's obligations pursuant to such Law.

7.11  7.11.1 Any Workers' Compensation Law;

7.11.2 The provisions of any industrial award or agreement or determination or any contract of employment or workplace agreement where such liability would not have been imposed in the absence of such industrial award or agreement or determination; or

7.11.3 Employment Practices.

7.12 Libel, slander and/or other defamation:

7.12.1 Made prior to the commencement of the Period of Insurance;

7.12.2 Made at the Insured's direction or with the Insured's authority or with knowledge of its falsity; or

7.12.3 Related to advertising, broadcasting, telecasting or publishing activities conducted by or on behalf of the Insured.

7.13 The loss of use of tangible property which has not been physically damaged or destroyed resulting from:

7.13.1 A delay in or lack of performance by or on behalf of the Insured of any contract or agreement; or



    7.13.2    The failure of any Product to meet the level of performance, quality, fitness or durability expressly or impliedly warranted or represented by the Insured but this exclusion does not apply to loss of use of other tangible property directly or indirectly caused by, arising out of or in any way connected with or resulting from the sudden and accidental physical damage to or destruction of the Product after such Product has been put to use by any person or organisation other than the Insured.

7.14    Any change in the nature of the Insured's Business which:

    7.14.1    Occurred during the currency of this Policy; and

    7.14.2    Was known by the Insured, or would have been known by a reasonable person in the circumstances, to be likely to increase the risk of Injury or Damage for which indemnity is provided by this Policy.

For the purposes of this exclusion, where the Insured is a corporate body, the knowledge of any director or officer of the Insured shall be deemed to be the knowledge of the Insured.

7.15    The rendering of or failure to render professional advice or service or any error or omission connected therewith given for a fee by the Insured or any person covered by Clause 3 of this Policy.

Provided that this exclusion does not apply to the rendering of first aid or medical services on the Insured's premises by medical persons employed by the Insured.

7.16    7.16.1    The actual, alleged or threatened discharge, dispersal, release, seepage, migration or escape of Pollutants;

    7.16.2    Testing, monitoring, clean up, removal, containment, treatment, detoxifying or neutralising of Pollutants or their effect;

    7.16.3    The actual, alleged or threatened discharge, dispersal, release, seepage, migration or escape of Pollutants caused by any Product that has been discarded, dumped, abandoned or thrown away by others; or

    7.16.4    Any expenses for the prevention of the actual, alleged or threatened discharge, dispersal, release, seepage, migration or escape of Pollutants.

Provided always that exclusions 7.16.1, 7.16.2 and 7.16.3 shall not apply to liability which is directly caused by a sudden, accidental, instantaneous, unintended, identifiable and unexpected happening which takes place in its entirety at a specific time and place.

The total aggregate liability of LIU for all claims covered in any one Period of Insurance in respect of the proviso above shall not exceed the Limit of Indemnity shown in the Schedule.

7.17    Injury sustained due to the inhalation or ingestion of, or exposure to:

    7.17.1    Tobacco or tobacco smoke; or

    7.17.2    Any ingredient or additive present in any articles, items or goods which contain or include tobacco.

7.18    7.18.1    Ionising radiations or contamination from any nuclear fuel or from any nuclear waste from the combustion of nuclear fuel. Combustion shall include any self sustaining process of nuclear fission or fusion; or



    7.18.2  Nuclear weapons material.

7.19  And regardless of any other cause or event contributing concurrently or in any other sequence to the loss:

    7.19.1  War and military action which includes without limitation the following:

        7.19.1.1  War, including undeclared or civil war, invasion, acts of foreign enemies, hostilities (whether war be declared or not), military or usurped power or confiscation, nationalisation, requisition, destruction of or damage to property by or under the order of any government or public or local authority;

        7.19.1.2  Warlike action by military force, including action in hindering or defending against an actual or expected attack, by any government, sovereign or other authority using military personnel or other agents; or

        7.19.1.3  Insurrection, rebellion, revolution, usurped power, or action taken by governmental authority in hindering or defending against any of these.

    7.19.2  Any actual or threatened act of domestic or international Terrorism committed by a person or persons acting:

        7.19.2.1  Alone or on behalf of or in connection with any organisation; or

        7.19.2.2  With the goal of furthering any political, social, religious, ideological or similar objective.

    7.19.3  Action taken to prevent or defend against an act of Terrorism.

If an act of Terrorism involves chemical or biological weapons, this Terrorism exclusion will still apply.

If an act of Terrorism involves nuclear reaction, nuclear radiation or radioactive contamination, this Terrorism exclusion will apply to liabilities that result from such nuclear reaction or nuclear radiation or radioactive contamination in place of Exclusion 7.18.

7.20  The ownership, maintenance, operation, possession or use by or on behalf of the Insured of:

    7.20.1  Any aircraft or aerial device;

    7.20.2  Any watercraft exceeding 10 metres in length; or

    7.20.3  Any hovercraft.

7.21  The Deductible and/or self insured retention shown in the Schedule.

7.22  The erection, demolition, alteration of and/or addition to buildings by or on behalf of the Insured except for contracts not exceeding in cost the sum of AUD500,000 or 10% of the Limit of Indemnity whichever is the lesser.

7.23  Asbestos.

7.24  7.24.1  Claims made and actions instituted within the United States of America or Canada and their respective territories and protectorates, and any other territory coming within the jurisdiction of the courts of the United States of America or Canada; or



7.24.2   Claims and actions to which the laws of the United States of America or Canada and their respective territories and protectorates apply.

Provided that this exclusion does not apply to claims and actions caused by an employee of the Insured who normally resides in Australia while such employee is temporarily travelling on behalf of the Insured outside Australia.

7.25   Fines, penalties, punitive damages, exemplary damages, multiplication of compensatory damages, liquidated damages and/or aggravated damages.

7.26   Any alleged or actual fraudulent, dishonest, malicious, wilful or criminal act or omission of the Insured or any person covered by Clause 3 of this Policy.

## 8   General Conditions

8.1   The Insured shall give written notice to LIU as soon as possible of any claim under this Policy and shall give all such additional information as LIU may require.

8.2   No admission, offer, promise, or payment shall be made or given by or on behalf of the Insured without the prior written consent of LIU who shall be entitled but not obligated to take over the conduct in the name of the Insured of the defence or settlement of any claim or to prosecute in the name of the Insured for their own benefit any claim for indemnity or damages or otherwise and shall have full discretion in the conduct of any proceedings and in the settlement of any claim and the Insured shall give all such information and assistance as LIU shall require.

8.3   This Policy and any endorsements attached to this Policy shall be read together as one contract and any word or expression to which a specific meaning has been attached in any part of this Policy or the Schedule shall bear such specific meaning wherever it may appear.

8.4   The amount shown within the Schedule as a Deductible and/or self insured retention is the first amount for all claims arising out of any one Occurrence which is to be borne by the Insured or any person covered by Clause 3 of this Policy.

8.5   LIU may at any time discharge its total liability to the Insured in respect of any one claim or series of claims arising from one Occurrence by paying to or on behalf of the Insured:

8.5.1   The total amount in respect of such claim to which the Insured is entitled to indemnity under this Policy;

8.5.2   The total amount sought by the claimant for such claim; or

8.5.3   The total amount for which such claim can be settled,

And in addition to such payment LIU will pay Defence Costs incurred up to the date of payment as provided for by Clause 6 of this Policy.

Upon such payment, LIU shall relinquish conduct or control of such claim and be under no further liability under this Policy in connection with such claim including but not limited to Defence Costs.

8.6   This Policy shall be interpreted in accordance with the laws of Australia and all claims for indemnity under this Policy shall be decided in accordance with those laws. All matters arising from or relating to the construction, operation or interpretation of the Policy shall be submitted to the exclusive jurisdiction of the Australian Courts.



8.7 The Insured must:

    8.7.1 Exercise reasonable care that only competent Workers and/or employees are employed and take reasonable measures to maintain all premises, fittings and plant in sound condition;

    8.7.2 Take all reasonable precautions to:

        8.7.2.1 Prevent Injury and Damage;

        8.7.2.2 Prevent the manufacture, sale or supply of defective Products; and

        8.7.2.3 Comply and ensure that its Workers, servants and agents comply with all statutory obligations, by-laws or regulations imposed by any public authority for the safety of persons or property;

    8.7.3 At its own expense take reasonable action to trace, recall or modify any Products containing any defect or deficiency which defect or deficiency the Insured has knowledge of or has reason to suspect; and

    8.7.4 Assist and co-operate fully and promptly with LIU in the investigation, settlement or defence of any claim or matters relating or in connection thereto.

The amount of any benefit under this Policy for any liability caused or contributed to by the lack of such precautions, measures and compliances shall be reduced by the amount that fairly represents the extent to which LIU's interests have been prejudiced thereby.

8.8 Where the premium is provisionally based on the Insured's estimates, the Insured shall keep accurate records and after expiry of the Period of Insurance declare as soon as possible such details as LIU requires and the premium shall be adjusted and any difference paid by or allowed to the Insured as the case may be subject to any minimum premium that may apply.

8.9 The Insured may cancel this Policy at any time by giving notice in writing to LIU.

LIU may cancel this Policy at any time where:

    8.9.1 It is entitled to do so pursuant to the *Insurance Contracts Act 1984* or any amendments thereto;

    8.9.2 The Insured has failed to notify LIU of any specific act or omission where such notification is required under the terms or conditions of this Policy; or

    8.9.3 The Insured has acted in contravention of or omitted to act in compliance with any term of this Policy which empowers LIU to refuse to pay a claim in the event of such contravention or omission.

Any notice of cancellation given by LIU shall take effect either at the time when another contract of insurance between the Insured and LIU or some other insurer (being a contract that is intended by the Insured to replace this Policy) is entered into or at 4pm on the 3rd business day after the date on which notice was given to the Insured by LIU, whichever is the earlier.



Where the Insured comprises more than one person or company, it is agreed that the Insured referred to in the Schedule shall be the agent of each of the other Insured persons or companies or others indemnified by Clause 3 for the purposes of receiving any notice of cancellation pursuant to this General Condition, or any other notice, statement, document or information relating to this Policy.

Where the Insured has a broker, nothing shall restrict LIU's right to notify the broker as agent of the Insured.

8.10   Notwithstanding anything else to the contrary in the Policy, whenever coverage provided by this Policy would be in violation of any applicable economic, trade or other sanction or law, such coverage shall be null and void and LIU has no obligation to pay a claim if to do so would breach that sanction or law.

8.11   8.11.1   Words importing persons shall include corporations and other legal entities;

8.11.2   References in the singular shall be deemed to include the plural and vice versa;

8.11.3   Words depicting any gender include reference to all other genders;

8.11.4   References to any legislation or subordinate instruments shall refer to such legislation or subordinate instruments as amended from time to time and in force; and

8.11.5   Headings have been included for ease of reference and it is understood and agreed that this Policy is not to be construed or interpreted by reference to such headings.

8.12   Each Insured agrees that LIU may issue by electronic mail or post any notices required to be given under the Insurance Contracts Act or otherwise.

8.13   Liberty International Underwriters is a trading name of Liberty Mutual Insurance Company ("LMIC"), a stock insurance company incorporated in Massachusetts USA. LMIC is an indirect subsidiary of Liberty Mutual Holding Company Inc. ("LMHC"), a Massachusetts USA mutual holding company. NOTICE IS HEREBY GIVEN that the annual meeting of LMHC is held on the second Wednesday in April of each year at ten o'clock in the morning, local time, at LMHC's office at 175 Berkeley Street, Boston, Massachusetts USA. This notice is for members of LMHC only. One becomes a member of LMHC by virtue of being a policyholder of LMIC. Membership rights terminate when one ceases to be a policyholder of LMIC. Members of LMHC may request a copy of LMHC's annual financial statements, which are posted on Liberty Mutual's website at www.libertymutual.com by writing to Liberty Mutual Holding Company Inc., 175 Berkeley Street, Boston, Massachusetts 02116.

Signed on behalf of Liberty International Underwriters



3rd May 2013

For and on behalf of
Liberty International Underwriters

Date



**Endorsements attaching to and forming part of Policy Number ME-CAS-12-438176**

Insured: The Fire Company Pty Ltd and EcoSmart Inc

Endorsements effective from: 30th April 2013

**Endorsement 1.**

**USA – Canada (incl. Domiciled Operations & Jurisdiction)**

The following amendments are made to this Policy in respect of the Insured's operations and the Insured's Products exported by the Insured to the United States of America or Canada:

1. In respect to the Insured's operations domiciled in the United States of America or Canada only and Products exported to the United States of America or Canada, Exclusion 7.16 is deleted and replaced by the following:

    7.16
    - 7.16.1 The actual, alleged or threatened discharge, dispersal, release, seepage, migration or escape of Pollutants;
    - 7.16.2 Any expenses for the prevention of the actual, alleged or threatened discharge, dispersal, release, seepage, migration or escape of Pollutants;
    - 7.16.3 Testing, monitoring, clean up, removal, containment, treatment, detoxifying or neutralising of Pollutants or their effect;
    - 7.16.4 The actual, alleged or threatened discharge, dispersal, release, seepage, migration or escape of Pollutants caused by any Product that has been discarded, dumped, abandoned or thrown away by others.

2. Exclusion 7.24 is deleted.

**Endorsement 2.**

**Vendors Liability**

1. Clause 3 **Indemnity to Others**, is extended to include the following:

    3.5 Any person or organisation designated below in the Schedule of Vendors (herein referred to as "Vendor") but only with respect to the distribution or sale of the Insured's Products provided always that the Vendor shall observe, fulfill and be subject to the terms, conditions, limitations and exclusions of this Policy in so far as they can apply as though they were the Insured.

    This endorsement does not cover liability directly or indirectly caused by, arising out of or in any way connected with:

    1. Any warranty given by the Vendor;
    2. Any liability assumed by the Vendor under contract or agreement which would not have attached in the absence of such contract or agreement;
    3. The distribution or sale for a purpose unauthorised by the Insured;
    4. Any act, error or omission of the Vendor which changes the condition of any Product;
    5. The failure by the Vendor to maintain any Product in merchantable condition;



6. Any failure to make such inspections, adjustments, tests or servicing as the Vendor has agreed to make or normally undertakes to make in the usual course of business, in connection with the distribution or sale of any Product;

7. Any Product which after distribution or sale by the Insured has been labelled, relabelled, packaged, repackaged or replaced by the Vendor;

8. Any Product which after distribution or sale by the Insured is used as a container, part or ingredient of any other product, thing or substance by or for the Vendor;

9. The demonstration, assembly, installation, servicing or repair of any Product by the Vendor;

10. Any Injury or Damage happening within the Vendor's premises;

11. The liability of any person or organisation from whom the Insured has acquired any Product or any ingredient or part contained in or forming part of such Product or container accompanying or containing such Product; or

12. Any Product design, formula or specification supplied by the Vendor.

2. **Schedule Of Vendors**

**Name**
Room and Board Inc

**Address**
4600 Olson Memorial Hwy Frontage Road
Minneapolis, MN 55422 USA

Nothing contained in these endorsements shall in any way serve to increase the Limit of Indemnity stated in the Schedule.

Other than as amended above, the terms of this Policy shall continue to apply.



3rd May 2013

For and on behalf of
Liberty International Underwriters

Date