Leslie R. Perry, Bar No. 062390
Deborah S. Bull, Bar No. 222826
PERRY, JOHNSON, ANDERSON,
MILLER & MOSKOWITZ, LLP
438 1st Street, 4th Floor
Santa Rosa, California  95401
Telephone: (707) 525-8800
Facsimile: (707) 545-8242
Email:  Perry@perrylaw.net
        Bull@perrylaw.net

Attorneys for Plaintiffs
MARGRETT LEWIS, NICOLETTE LEWIS, ALEXIS LEWIS and JEFFREY LEWIS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| NICOLETTE LEWIS, ALEXIS LEWIS, MARGRETT LEWIS; and JEFFREY LEWIS,<br><br>Plaintiffs,<br><br>v.<br><br>LIBERTY MUTUAL INSURANCE COMPANY, LIBERTY INTERNATIONAL UNDERWRITERS, and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.: 3:18-cv-01138-WHO<br><br>**PLAINTIFFS' ADDITIONAL CASES PER THE REQUEST OF THE COURT**<br><br>Hearing Date: April 18, 2018<br>Time: 2:00 p.m.<br>Dept.: Courtroom 2, 17th Floor<br><br>Judge: The Hon. William H. Orrick |

Per the court's instruction, the Plaintiffs submit the following cases for the court's consideration of Plaintiffs Opposition to the Motion to Dismiss.  Plaintiffs' extensive research does not identify any case whereby a judgment creditor was either held to, or relieved from, a forum selection clause – or any other *procedural* obligation of a debtor insured – in a case seeking its right to recovery on the judgment pursuant to California Insurance Code § 11580.  Plaintiffs recognize that prior case law has used the term "third party beneficiary" to describe parties seeking "to recover" under

§ 11580. However, the following cases demonstrate that the phrase "third party beneficiary" is limited in scope as it applies to judgment creditors under § 11580.

1.  *Clark v. California Ins. Guarantee Assn.* (2011) 200 Cal.App.4th 391, 397

The *Clark* case is nearly on all fours: in the context of Insurance Code § 11580, this case makes clear the plaintiff judgment creditor does not stand in the shoes of the insured. The court held that a third-party judgment creditor is merely an incidental beneficiary for obligations such as the supplemental payments provision. The third party has no right to bring a claim upon a duty owed only to the insured. (See also, *American United Logistics, Inc. v. Catellus Development Corporation* (2003) 319 F.3d 921, cited by defendants in its Reply where the court draws a clear distinction between direct and incidental beneficiaries.)

2.  *Barrera v. State Farm Mut. Auto. Ins. Co.* (1969) 71 Cal. 2d 659,680

The California Supreme Court rejected both the "mechanical application of the over-generalization that the rights of the injured person cannot rise above those of the insured" and "the mechanical rule that the injured person 'stands in the shoes of' the insured when application of that proposition defeats a more primary policy underlying the injured person's right of recovery."

3.  *Shapiro v. Republic Indem. Co*. (1959) 52 Cal.2d 437, 439

This court also rejected a "mechanical application" of the over-generalization that the rights of the injured person cannot rise above those of the insured. The insurer urged that an injured person "stands in the shoes" of the insured and has no greater rights against the insurer than the insured. A declaratory judgment reforming the policy obtained by the insurer after an accident in which plaintiffs suffered injury, could not defeat the plaintiffs' right of recovery against the insurer upon obtaining judgment against the insured.

///

4. *Gelfand v. N. Am. Capacity Ins. Co.* (2013 WL 3369266, U.S. Dist. N.D.Cal. 2013, LEXIS 94242, at *12-13)

Consistent with *Clark,* the court held an insurer's duty to pay "costs" under the Supplementary Payments Provision is "clearly linked" to an insurer's duty to defend, under which a third-party judgment creditor is only an incidental beneficiary, as opposed to its duty to indemnify, under which it is the intended beneficiary. (See also, *San Diego Housing Comm'n v. Industrial Indemnity Co.* (2002) 95 Cal. App. 4th 669, cited previously by both defendant and plaintiffs.)

5. *Sierra Tucson, Inc. v. Bergin,* 239 Ariz. 507, 510, 372 P.3d 1031, 1034 (Ct. App. 2016)

Statutory beneficiaries, including judgment creditors under Insurance Code § 11580, are not bound to a venue selection clause made in a contract to which they were not parties. In *Sierra*, the statutory beneficiaries did not sign the arbitration agreement, were not parties to the contract, and their wrongful death claims were not derivative of the party's claims, therefore they were not bound to the venue selection provision. The claims of the statutory beneficiary are independent of any claim the party to the contract (patient) could have brought while alive.

As judgment creditors, plaintiffs are limited to enforcement of terms that flow to their benefit; and, as a matter of equity, plaintiffs should similarly not be bound by obligations that were intended to benefit the insured or insurer, and not the injured claimants.

PERRY, JOHNSON, ANDERSON,
MILLER & MOSKOWITZ, LLP

DATED: April 25, 2018          By:   /s/ Leslie R. Perry
                                     LESLIE R. PERRY
                                     DEBORAH S. BULL
                                     Attorneys for Plaintiffs
                                     MARGRETT LEWIS, NICOLETTE
                                     LEWIS, ALEXIS LEWIS and
                                     JEFFREY LEWIS