UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICOLETTE LEWIS, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>LIBERTY MUTUAL INSURANCE COMPANY, et al.,<br><br>Defendants. | Case No. 18-cv-01138-WHO<br><br>**ORDER GRANTING MOTION TO DISMISS FOR FORUM NON CONVENIENS**<br><br>Re: Dkt. No. 9 |

## INTRODUCTION

Plaintiff Nicolette Lewis was engulfed by flames and suffered severe burns when a fuel container for her family's outdoor fire bowl exploded during refueling. She and her family members, Alexis Lewis, Margrett Lewis, and Jeffrey Lewis, brought suit against the manufacturer, EcoSmart, Inc. ("EcoSmart"), and its parent company The Fire Company, Pty, Ltd ("TFC"), and were awarded damages in excess of $45 million. EcoSmart has since declared bankruptcy and plaintiffs now bring this action against EcoSmart and TFC's insurers, Liberty Mutual Insurance Company and Liberty International Underwriters (together, "Liberty Mutual"), seeking payment on their damages award. The insurance policy contains a mandatory forum selection clause granting exclusive jurisdiction to the Australian Courts, and so Liberty Mutual moves to dismiss on *forum non conveniens* grounds so that the case is litigated in Australia. Because the clause is valid and its enforcement is not unreasonable or unjust, I am constrained to GRANT Liberty Mutual's motion.

## BACKGROUND

On June 8, 2014, twin sisters Nicolette and Alexis Lewis were using the fire bowl at their home in Sonoma, California. Complaint ("Compl.") [Dkt. No. 1-1] ¶ 6. Alexis was refueling the

bowl with a one-gallon fuel container of e-NRG when the vapors from the container ignited and caused an explosive discharge of ethanol fuel and fire, engulfing Nicolette in flames and causing severe third degree burns to her face, neck, chest, arms, legs, and feet. *Id.* As their parents Jeffrey and Margrett Lewis rushed to her to attempt to put out the flames, they too suffered burn injuries. *Id.* ¶¶ 6, 8. Nicolette spent 30 days in the hospital with life threatening injuries and required multiple surgical procedures, laser treatments, and other medical care. *Id.* ¶ 7.

The fuel container was manufactured by EcoSmart, a California corporation headquartered in California. Compl. ¶ 2. EcoSmart is a subsidiary of TFC, an Australian corporation. Defs.' RJN Ex. 3 at 2.[1] EcoSmart and TFC were insured by Liberty Mutual when the underlying incident occurred. *See* Compl. ¶ 11; Milliken Decl. Ex. 1 [Dkt. No. 11-1]; Nicholls Decl. Ex. 1 [Dkt. No. 12-1]. Liberty Mutual issued an insurance policy to EcoSmart and TFC covering negligence and product defects resulting in bodily injury with a coverage period of April 20, 2013 to April 30, 2014. Compl. ¶ 11. EcoSmart and TFC renewed that policy from April 30, 2014 to April 30, 2015, but coverage under the second policy period substantially reduced coverage limits. *Id.* Both policies contained a mandatory forum selection clause granting exclusive jurisdiction to the Australian Courts over all matters arising from or relating to the construction, operation, or interpretation of the policies. *See* Milliken Decl. Ex. 1, at § 8.6; Nicholls Decl. Ex. 1, at § 8.6.

Plaintiffs brought suit against EcoSmart and TFC in the Sonoma County Superior Court alleging product defect, negligence, and negligent infliction of emotional distress. Compl. ¶ 10.

---

[1] Plaintiffs request judicial notice of certain documents from the California Department of Insurance and Secretary of State, including Liberty Mutual's Application for Certificate of Authority, Amended Certificate of Authority, Certificate of Compliance, Company Profile, and business search results. *See* Pls.' RJN. Because these are public records and government documents, and Liberty Mutual does not dispute their accuracy or authenticity, I take judicial notice of these documents. *See Paralyzed Veterans of Am. v. McPherson*, No. C 06-4670 SBA, 2008 WL 4183981, at *5 (N.D. Cal. Sept. 9, 2008) ("[I]nformation on government agency websites [] have often been treated as proper subjects for judicial notice."). Both plaintiffs and Liberty Mutual also request judicial notice of various other documents. *See* Dkt. Nos. 13, 25, 33. Because these documents are not necessary to my resolution of this motion, I decline to take judicial notice of them at this time. *See Adriana Int'l Corp. v. Thoeren*, 913 F.2d 1406, 1410 n.2 (9th Cir. 1990) (declining to take judicial notice of another action "not relevant" to the case); *Neylon v. Cty. of Inyo*, No. 1:16-cv-0712, 2016 WL 6834097, at *4 (E.D. Cal. Nov. 21, 2016) ("[I]f an exhibit is irrelevant or unnecessary to deciding the matters at issue, a request for judicial notice may be denied.").

Liberty Mutual declined to provide a defense and indemnification in that case, and EcoSmart filed for bankruptcy on November 8, 2015, as a result. *Id.* ¶¶ 12, 14. TFC ignored the litigation. Opp. at 4. On January 9, 2018, a judgment in excess of $45 million was entered against EcoSmart and in favor of plaintiffs. Compl. ¶ 15. Plaintiffs now bring suit against Liberty Mutual pursuant to California Insurance Code Section 11580(b)(2), seeking payment on their judgment against EcoSmart.

**LEGAL STANDARD**

Forum selection clauses are "presumptively valid," and "honored "absent some compelling and countervailing reason." *Murphy v. Schneider Nat'l Inc.*, 362 F.3d 1133, 1140 (9th Cir. 2003). "The party challenging the clause bears a heavy burden of proof and must clearly show that enforcement would be unreasonable and unjust, or that the clause was invalid for such reasons as fraud or over-reaching." *Id.* at 1140 (internal quotation marks and citation omitted). A forum selection clause may be unreasonable if: (1) "the inclusion of the clause in the agreement was the product of fraud or overreaching"; (2) "the party wishing to repudiate the clause would effectively be deprived of his day in court were the clause enforced"; or (3) "enforcement would contravene a strong public policy of the forum in which suit is brought." *Id.*

"[T]he appropriate way to enforce a forum-selection clause pointing to a state or foreign forum is through the doctrine of *forum non conveniens*." *Atl. Marine Constr. Co. v. U.S. Dist. Ct.*, 571 U.S. 49, 60 (2013). When a motion to dismiss is based on a forum selection clause, rather than solely on the doctrine of *forum non conveniens*, the Supreme Court has held that a district court cannot consider the "private interest" factors, such as the plaintiff's choice of forum and the convenience of parties and witnesses. *See id.* at 62–64. Instead, the court may only weigh the "public interest" factors, which "may include the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; [and] the interest in having the trial of a diversity case in a forum that is at home with the law." *Id.* at 62 n.6. "Once a district court determines that the appropriate forum is located in a foreign country, the court may dismiss the case." *Nibirutech Ltd v. Jang*, 75 F. Supp. 3d 1076, 1079 (N.D. Cal. Dec. 2, 2014).

# DISCUSSION

## I. Plaintiffs Are Within the Scope of the Forum Selection Clause

Plaintiffs contend that whether or not the forum selection clause is generally valid and enforceable, it may not be applied to them because they are not parties to the insurance policy and did not have the benefit of negotiating its terms, and thus should be entitled to their choice of forum. Liberty Mutual responds that because plaintiffs stand in the shoes of EcoSmart as third-party beneficiaries to the contract, they are subject to and bound by its terms.

Federal law applies to the analysis of a forum selection clause's effect and scope. *See Manetti-Farrow, Inc. v. Gucci Am., Inc.*, 858 F.2d 509, 513 (9th Cir. 1988) ("[T]he federal procedural issues raised by forum selection clauses significantly outweigh the state interests, and the federal rule announced in *The Bremen* controls enforcement of forum clauses in diversity cases."). The parties initially provided precedent concerning the general rule in the Ninth Circuit, which is that "the scope of a third-party beneficiary's rights is defined by the contract," including a forum selection clause. *See TAAG Linhas Aereas de Angola v. Transamerica Airlines, Inc.*, 915 F.2d 1351, 1354 (9th Cir. 1990).

For example, in *TAAG Linhas* the Ninth Circuit enforced a forum selection clause against a third-party beneficiary of a contract where the third party was a sophisticated corporate entity that had willingly assumed the contract (including a forum selection clause) as part of a merger agreement, and thus was bound by its terms. *Id.* at 1352. Similarly, *eBay Inc. v. Digital Point Solutions, Inc.*, 608 F. Supp. 2d 1156, 1162 (N.D. Cal. 2009), also involved sophisticated corporate entities, and the plaintiff had expressly entered into a supplemental agreement related to the contract containing the forum selection clause. *See also Manetti-Farrow, Inc. v. Gucci Am., Inc.*, 858 F.2d 509, 514 n.5 (9th Cir. 1988) (affirming application of forum selection clause to all defendants where "the alleged conduct of the non-parties is so closely related to the contractual relationship").

The facts in those cases are clearly distinguishable from the present one, where plaintiffs had no relationship, let alone a close one, to the contract at issue until their injury. They were not signatories to it. They did not assume it through any merger or subsequent agreement. They had

no reason to be aware of it or its provisions until after the incident occurred and they prevailed in their legal action against TFC and EcoSmart. Because none of the cases cited by the parties prior to the hearing on the motion to dismiss resembled the factual circumstances of this one, I ordered supplemental briefing. *See* Dkt. No. 39. The parties then submitted federal and state cases that are more helpful.

Consideration of these cases shows that generally, where the insured has assigned its rights to an injured party under an insurance policy, the injured party bringing suit stands in the shoes of the insured and therefore is subject to the same rights and interest as the insured, including limitations on forum. *See, e.g.*, *Kostelac v. Allianz Glob. Corporate & Specialty AG*, 517 Fed. App'x 670, 673, 675 (11th Cir. Apr. 17, 2013) (affirming dismissal under doctrine of forum non conveniens where plaintiffs were "assigned all rights and interest under [an] insurance policy" containing forum selection clause and therefore "st[oo]d in the shoes of [the insured]"); *Greenwood v. Mepamsa, SA*, No. CV-11-08040, 2011 WL 4801359 (D. Ariz. Oct. 11, 2011) (dismissing, pursuant to insurance policy's forum selection clause, claims against insurer brought by injured party assigned the indemnification claims of insured); *Cedars-Sinai Med. Ctr. v. Glob. Excel Mgmt., Inc.*, No. CV 09-3627, 2010 WL 5572079, at *8 (C.D. Cal. Mar. 19, 2010) (dismissing hospital's claim against insurer pursuant to forum selection clause where hospital was assigned subject patient's rights under insurance policy between insurer and patient and therefore "st[ood] in the place of the subject patient"). This general rule is consistent with the reasoning in *Manetti-Farrow*, *TAAG Linhas*, and *eBay*.

On the other hand, where there has been no such assignment, the injured party is a third party judgment creditor who neither obtains all of the rights of the insured nor all of the limitations that would have applied to it, whether for better or for worse. In *Gelfand v. North American Capacity Insurance Co.*, for example, the plaintiff obtained a judgment against a general contractor who went bankrupt, and then filed suit against the contractor's insurer. Following California precedent in *Clark v. California Ins. Guar. Ass'n*, 200 Cal. App. 4th 391 (2011), among other cases, the court parsed the insurance policy provisions in which plaintiff was the intended beneficiary ("damages" in the Insuring Clause) as opposed to the incidental beneficiary (fees and

costs under the insurer's duty to defend). *Gelfand v. N. Am. Capacity Ins. Co.*, No. C-12-4819 EMC, 2013 WL 3369266 (July 5, 2013). "A third party judgment creditor is merely an incidental beneficiary of obligations . . . that arise under the duty to defend. Unless the third party obtains an assignment by the insured of its rights under the insurance contract, the third party has no right to bring a claim upon a duty owed only to the insured." *Clark*, 200 Cal. App. 4th at 397–98; *see also Gelfand*, 2013 WL 3369266, at *5 ("[A]n insurer's duty to pay 'costs' . . . is 'clearly linked' to an insurer's duty to defend, under which a third-party judgment creditor is only an incidental beneficiary, as opposed to its duty to indemnify, under which it is the intended beneficiary.").

That said, forum selection clauses are presumptively valid in actions arising out of a contract; they are enforced against nonparties "where the alleged conduct of the nonparties is closely related to the contractual relations" such that the nonparties can be considered "transaction participants" intended to "benefit from and be subject to" the forum selection clause. *Mitsui Sumitomo Insurance USA, Inc. v. Tokio Marine & Nichido Fire Insurance Co., Ltd.*, No. CV12-09953, 2013 WL 12136602*4 (C.D. Cal. Aug. 8, 2013) (quoting *Holland Am Line Inc. v. Wartsila N. Am., Inc.,* 485 F. 3d 450, 456 (9th Cir. 2007)), *aff'd* 659 Fed. Appx. 918 (2016). In *Mitsui,* the court enforced the forum selection clause for derivative claims, where the third party had to stand in the shoes of the insured in order to get relief, but not for non-derivative, or independent, claims. This distinction is consistent with the case law discussed. Here, plaintiffs' claims for damages are derivative of EcoSmart's and therefore are within the scope of the clause; plaintiffs have to stand in EcoSmart's shoes to recover. Plaintiffs may only avoid the clause if they can bear the heavy burden of proof to show clearly "that enforcement would be unreasonable and unjust." *Bremen v Zapata Off-Shore Co.*, 407 U.S. 1, 15 (1972).

**II.     Enforcement of the Forum Selection Clause Is Not Unreasonable or Unjust**

Plaintiffs do not contend that the forum selection clause is the product of fraud or overreaching, but instead argue that it should not be enforced because it would contravene California's strong public policies expressed in California Insurance Code sections 678.1 and 11580, and because Australia is not an adequate or convenient forum. Liberty responds that enforcement of the clause does not contravene any public policy with respect to venue and that

6

plaintiffs are free to litigate their claim in Australia.

California Insurance Code section 678.1 provides for mandatory notice of nonrenewal of an insurance policy; "[i]f an insurer fails to give timely notice . . . , the policy of insurance shall be continued, with no change in its terms or conditions, for a period of 60 days after the insurer gives the notice." Cal. Ins. Code § 678.1(c)–(d). Section 11580 provides that a policy insuring against loss or damage resulting from liability for injury suffered must contain "[a] provision that whenever judgment is secured against the insured [] based upon bodily injury, death, or property damage, then an action may be brought against the insurer on the policy and subject to its terms and limitations, by such judgment creditor to recover on the judgment." Cal. Ins. Code § 11580(b)(2).

Liberty Mutual contends that these provisions do not embody any strong public policy of California that relate specifically to venue. *See Incline Energy LLC v. Weiner*, No. 15-cv-03411-WHO, 2015 WL 7351392, at *2 (N.D. Cal. Nov. 20. 2015) ("Courts in the Ninth Circuit have refused to enforce a forum selection clause where doing so would contravene California's public policy with respect to venue."); *Voicemail Club, Inc. v. Enhanced Servs. Billing, Inc.*, No. C 12-02189 SI, 2012 WL 4837697, at *3–4 (N.D. Cal. Oct. 10, 2012) (when determining enforceability of forum selection clause, "the Court only examines public policy as it relates to venue"). This is certainly true of Section 678.1, which does not speak to venue.

Plaintiffs respond that Section 11580 represents a statutory commitment to venue, citing *Haisten v. Grass Valley Medical Reimbursement Fund, Ltd.*, 784 F.2d 1393, 1399 (9th Cir. 1986). In *Haisten*, the Ninth Circuit reviewed whether the district court properly exercised personal jurisdiction over a Cayman Island insurance company, and noted that "the state has a manifest interest in providing its residents with a forum for reaching insurance companies who refuse to honor legitimate claims," evidenced by Section 11580. *Id.* at 1399. But *Haisten* concerns personal jurisdiction; there, the plaintiff would have had no remedy at all against the insurer under Cayman Island law. It does not stand for the proposition that Section 11580 represents a public policy that relates specifically to venue.

Section 11580 states only that "whenever judgment is secured against the insured or the

executor or administrator of a deceased insured in an action based upon bodily injury, death, or property damage, then an action may be brought . . . ." The public policy expressed in this section is that plaintiffs have *an* avenue for relief, but not specifically one in California. As Liberty notes, Australian law has a similar provision that provides plaintiffs with the same ability to bring such an action. *See* Rep. at 11 (citing *Civil Liability (Third Party Claims Against Insurers) Act 2018* (NSW) (Aust.) ("Australia Civil Liability Act")).

Plaintiffs' arguments regarding the adequacy or convenience of Australia as a forum speak to choice of law issues, not to whether the venue itself is appropriate. *See Loya v. Starwood Hotels & Resorts Worldwide, Inc.*, 583 F.3d 656, 663 (2009) ("[T]he doctrine of *forum non conveniens* is 'nothing more or less than a supervening venue provision' that goes to 'process rather than substantive rights'" (citing *Am. Dredging Co. v. Miller*, 510 U.S. 443, 453 (1994))); *Lucek v. Sundstrand Corp.*, 236 F.3d 1137 (9th Cir. 2001) (affirming dismissal on forum non conveniens grounds and concluding that New Zealand provided adequate remedy, despite significantly limited damages remedy). While I am sympathetic to plaintiffs' desire to litigate in California, I am bound by the precedent requiring enforcement of the forum selection clause in this action.

## CONCLUSION

Defendants move to dismiss only on *forum non conveniens* grounds based on the forum selection clause. Because I find that plaintiffs are bound by the clause and its enforcement is not unreasonable or unjust, defendants' motion is GRANTED.

**IT IS SO ORDERED.**

Dated: May 29, 2018

William H. Orrick
United States District Judge

8